IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEROME SMITH,**  CASE NO. 2:08-cv-410
　　　　　　　　　　　　　　　　　**JUDGE GRAHAM**
　　**Petitioner,**　　　　　　　**MAGISTRATE JUDGE ABEL**

v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

　　**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. 2244(d).

## PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On October 5, 2004, Smith pled guilty to possession of drugs, a third degree felony. He received a non-minimum, three-year prison term on November 16, 2004. The court filed an amended sentencing entry on December 13, 2004 to reflect that it had also imposed a three-year driver's license suspension. Smith did not file a direct appeal.
>
> On May 31, 2006, Smith filed a "Motion to Vacate and Modify Judgment." He asked the court to re-sentence him under the Foster holding and in accordance with *Apprendi* and *Blakely* .

> The court dismissed Smith's motion without a hearing because it held that it lacked jurisdiction. It cited *State v. Barney*, Meigs App. No. 05CA11, 2006-Ohio-4676 in support.

*State v. Smith,* 2007 WL 2694397 (Ohio App. 4 Dist. September 5, 2007).  On September 5, 2007, the appellate court dismissed petitioner's post conviction appeal. *Id.* On January 23, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Smith*, 116 Ohio St.3d 1479 (2008).

On April 30, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Pursuant [to] Article VI of the United States Constitution, all state court judges are bound by federal law, Constitution and Treaties.  *See Kelm v. Hyatt* (6th Cir. 1995)... Thus was the appellant's 5th 6th and 14th Amendments violated when the trial court refused to correct a constitutional violation.
>
> The trial court granted the defendant a hearing upon his Motion for Post Conviction Relief, and advised the defendant that his sentence was imposed in violation of.... *Blakely v. Washington*... and *State v. Foster*... but the court dismissed the petition and refused to correct the unconstitutional and void sentencing judgment.
>
> 2. Appellant that has been deprived his Constitutional right of the effective assistance of trial counsel has been deprived of his Constitutional rights of Due Process of law and Equal Protection of law U.S.C.A. Const. Amends. V, VI, XIV.
>
> Trial counsel was ineffective for failing to recognize that the sentence imposed after *Blakely*... was issued was a violation of clearly established federal law, and should have entered objections to such sentence and move to appeal the sentence imposed as being excessive and unconstitutionally imposed.

> 3. Whether the sentence imposed is void pursuant [to] the 6th and 14th Amends. To the United States Constitution, and pursuant to clearly established federal law in effect at the time of the offense herein....
>
> Had the clearly established federal law in effect at the time had not been violated, the appellant's lawful and maximum sentence based upon his guilty plea as made would not have been any more than a (1) year term.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions.  28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State

> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

Petitioner was sentenced and the judgment of conviction entered on November 16, 2004. His conviction became final thirty days later on December 16, 2004 -when the time period expired to file a timely direct appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on November 16, 2005. Petitioner's May 31, 2006, post conviction petition did not toll the running of the statute of limitations, because the statute of limitations had already long since expired. "The tolling provision does not ... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003) (same). Further, the state appellate court dismissed petitioner's post conviction appeal as untimely filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *see State v. Garrett, supra.* Additionally, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir.2004) (citations omitted).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                         s/Mark R. Abel
                                                                        United States Magistrate Judge