IN THE UNITED STATES DISTRICT COURTS
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEROME SMITH,**                             CASE NO. 2:08-cv-410
                                                            **JUDGE GRAHAM**
          **Petitioner,**                       **MAGISTRATE JUDGE ABEL**

v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

       **Respondent.**

## OPINION AND ORDER

On June 2, 2008, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant habeas corpus petition be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). On June 11, 2008, and June 23, 2008, petitioner filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as untimely**.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as untimely. Petitioner argues that he raised his claim under *Blakely v. Washington,* 542 U.S. 296 (2004), at the first opportunity he had to do so. According to petitioner, because defense counsel did not object to imposition of petitioner's sentence as violating *Blakely*, it was through no fault of petitioner that the claim was not raised earlier.

These arguments are not persuasive.  The trial court sentenced petitioner on November 16, 2004, well after the United States Supreme Court's June 24, 2004, decision in *Blakely*.  Petitioner nonetheless did not timely appeal his conviction and waited until May 31, 2006, more than one and one half years later, to pursue post conviction relief. Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be applied only sparingly.  Cook v. Stegall, 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt,* 337 F.3d 638, 642-43 (6th Cir.2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.,* at 643, citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001).

Consideration of the foregoing factors fails to reflect that equitable tolling is warranted. At the time petitioner was convicted and sentenced the statute of limitations in habeas corpus cases had long been in effect, and it would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases. Further, there is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

3

*United States v. Baker, supra,* 197 F.3d at 218. Equitable tolling is not justified simply because petitioner's trial attorney did not raise a *Blakely* issue. *See, Phillips v. United States,* 2005 WL 3107727 (W.D. Michigan November 18, 2005), citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir.2003); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3rd Cir.2002); *Miranda v. Castro,* 292 F.3d 1063, 1066-67 (9th Cir.2002); *Helton v. Department of Corrections,* 259 F.3d 1310, 1313 (11th Cir.2001); *Harris v. Hutchinson,* 209 F.3d 325, 331 (4th Cir.2000). *See also Solomon v. United States,* 467 F.3d 928, 942 (6th Cir.2006); *Whalen v. Randle,* 37 Fed.Appx. 113, 120, unpublished, 2002 WL 409113 (6th Cir. March 12, 2002); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000). Additionally, as discussed, the record does not reflect that petitioner was diligent in pursuing his claims. Finally, respondent will suffer some prejudice, in terms of time and expense, if this Court were to equitably toll the running of the statute of lmitations in this case.

Pursuant to 28 U.S.C. §626(b)(1) this Court has conducted a *de novo* review of the *Report and Recommendation.* This Court has carefully considered the entire record. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. 2244(d).

**IT IS SO ORDERED**.

S/ James. L. Graham

                                        JAMES L. GRAHAM
                                        United States District Judge